**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IRCANIA BURDIER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RICOH USA, INC., DUN & BRADSTREET, INC., KEVIN SMITH, RENEE PLUMMER, PATRICIA JOHNSON, and STEVEN HILL, in their professional and personal capacity,**<br><br>**Defendants.** | **DOCUMENT ELECTRONICALLY FILED**<br><br>**CIVIL ACTION NO. 2:15-cv-2864**<br><br>**STIPULATED DISCOVERY CONFIDENTIALITY ORDER** |

**THIS MATTER** having been opened to this Court upon the joint application of Plaintiff Ircania Burdier ("Plaintiff") and Defendants Ricoh USA, Inc. ("Ricoh"), Renee Plummer, Dun & Bradstreet, Inc. ("D&B"), Kevin Smith and Patricia Johnson (together, "Defendants") (all, together, the "Parties"), by and through their respective attorneys of record, to provide for a manner in which the Parties may produce and exchange certain private, confidential and non-public medical records, proprietary business information, materials, and other confidential documents during discovery in this Civil Action yet protect that information, material, and documents from public disclosure pursuant to Fed. R. Civ. P. 26(c), L. Civ. R. 26.1(c)(3) and L. Civ. R. 5.3(b); and

**WHEREAS**, litigation of the above-captioned matter will involve the exchange of certain tangible and intangible discovery material, information, documents, records, testimony, exhibits, interrogatories and answers thereto, requests for production of documents and answers

thereto, requests for admissions and responses thereto (including originals, copies, excerpts or summaries, however formatted and in whatever nature or medium) (collectively, the "Discovery Material"); and

**WHEREAS**, Defendants seek to protect and maintain the confidentiality of their own non-public and proprietary business information and other private information, as well as the non-public and proprietary business information and other private information belonging to other third parties (including those third parties with whom Ricoh and D&B has contractual commitments as well as current and former employees or members whose private, personal information may be in the possession of Ricoh and D&B as a result of their employment or former employment); and

**WHEREAS**, Plaintiff seeks to protect and maintain the confidentiality of her medical records (including all healthcare and mental healthcare records pertaining to diagnosis, treatment and counseling) and other private information; and

**WHEREAS**, the Court finds that discovery in the above-captioned matter is likely to involve the disclosure of certain Discovery Material that contains confidential information in which the Parties have asserted legitimate privacy interests; and

**WHEREAS**, the Court further finds that the open, public disclosure of certain Discovery Material that otherwise would be maintained as confidential may pose a substantial risk of commercial, competitive, and reputational harm to the Parties and/or might adversely affect, impact or prejudice the disclosing of another Party's or third party's business or privacy interests; and

**WHEREAS**, the Court finds that the interest of the public in disclosing the contents of the Parties' non-public, proprietary business information and other confidential and private

information is not implicated and, to the contrary, there is a compelling public policy in favor of the Parties maintaining the confidentiality of such information, materials and documents; and

For good cause shown, it is therefore **ORDERED** on this ____ day of ______, 2015, as follows:

1. Any Party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Consent Order Governing the Protection and Exchange of Confidential Discovery Material During Discovery ("Discovery Confidentiality Order") any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, customer or other confidential and proprietary business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing Party or third party otherwise believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G), L. Civ. R. 26.1(c)(3) and L. Civ. R. 5.3. Any Party to this litigation or third party covered by this Discovery Confidentiality Order who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading or testimony, shall mark the same with the foregoing or similar legend: "**CONFIDENTIAL**" or "**CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER**" (hereinafter, the "Confidential Discovery Material"). In the event that documents are received that a Party determines should be designated as "Confidential", the receiving Party may so designate the same by providing notice to all other Parties. Such notice shall constitute a designation of the information, document or thing as Confidential in accordance with this Discovery Confidentiality Order.

2. All Confidential Discovery Material shall be used by the receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving Party for any business, commercial, competitive, personal or other purpose and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraph 3 below, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court. It is, however, understood that counsel for a Party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of the Confidential Discovery Material, provided that such advice and opinions shall not reveal the content of such Confidential Discovery Material except: as allowed by this Order, by prior written agreement of counsel for the Parties, or by Order of the Court.

3. Confidential Discovery Material and the contents of Confidential Discovery Material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at the Parties' outside law firm(s)) and relevant in-house counsel for the Parties;

(b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as "Exhibit A";

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) This Court and any other court to which this case may be transferred or may hear any appeal, and all court personnel;

(e) Subject to the terms of Paragraph 5 below, any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the Party or third party who produced the information, document or thing, or if the producing Party or third party consents to such disclosure;

(f) Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals preparing demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require such materials; and

(g) The Parties. In the case of Parties such as the Company that are corporations or other business entities, "Party" shall include all executives who are required to participate in decisions regarding this lawsuit.

4. Confidential Discovery Material shall be used only by individuals permitted access to it under Paragraph 3. Confidential Discovery Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless: (a) outside counsel for the Party or third party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5. If a Party seeks to use Confidential Discovery Material during a deposition taken in this action, such Confidential Discovery Material may only be used provided that: (i) only persons entitled to view such Confidential Discovery Materials are in attendance at that portion of the deposition; and (ii) the witness is advised on the record or in writing of the existence and contents of this Discovery Confidentiality Order and agrees on the record or in writing to be bound by its terms. If a witness refuses to be bound by this Discovery Confidentiality Order as to any Confidential Discovery Material, the Parties agree to immediately seek a judicial order directing compliance. If judicial intervention is not feasible, the examining attorney may still ask questions concerning the material, although copies of the Confidential Discovery Material may not be furnished to the witness and the deposition shall be designated as under seal until further Order of the Court.

6. With respect to any depositions that involve a disclosure of Confidential Discovery Material belonging to any Party to this action or other third party subject to this Discovery Confidentiality Order, such Party or third party shall have a period of thirty (30) calendar days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated Confidential and to identify those portions to be designated Confidential, which time period may be extended by mutual agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 3(a), (b), (c), (d), (f) and (g) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d), (f) and (g) above during said thirty (30) day period. Upon being informed that certain portions of a deposition are to be designated as Confidential, all Parties shall immediately cause each copy of the transcript or portions thereof in their custody or control to be appropriately marked and limit the disclosure of the transcript and portions thereof designated as Confidential in accordance with Paragraphs 2 and 3 above.

7. If counsel for a Party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting Party shall serve on the designating Party or third party a written objection to such designation within ten (10) business days of receiving the material so designated as Confidential, or otherwise the designation of previously-produced documents as Confidential as outlined above, describing with particularity the documents or information in question and shall state the grounds for the objection. If no timely objection is

made to the designation of a document as Confidential, the designation shall remain until otherwise withdrawn by the designating Party or third party, or otherwise ordered by the Court. However, the failure of any Party to object to a designation as Confidential during discovery, shall not serve to preclude that Party from objecting to such designation at the time of trial or during any other hearing related to the instant Civil Action.

(b) Counsel for the designating Party or third party receiving an objection to the designation of any document as Confidential shall respond in writing to such objection within ten (10) business days, and state with particularity the grounds for asserting that the document or information is Confidential. If no written response is made in response to an objection to the designation of any material as Confidential, the challenged designation will be deemed to be void and of no effect.

(c) If the designating Party or other third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. If a dispute as to a Confidential designation cannot be resolved by mutual agreement of the Parties, the objecting Party or third party shall present the dispute to the Court initially be telephone or letter, in accordance with L. Civ. R. 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

8. All requests to seal documents filed with the Court shall comply with L. Civ. R. 5.3.

9. If the need arises during trial or at any other hearing before the Court for any Party to disclose or use Confidential Discovery Material, it may do so only after giving notice to

the producing Party or third party and as directed by the Court. The use of any Confidential Discovery Material at the time of trial or during any other hearing in this Civil Action shall be governed by such orders of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the information yet allow the introduction of admissible evidence.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Discovery Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or third party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject of the matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential in accordance with this Discovery Confidentiality Order.

11. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing Party and brought to the attention of the receiving Party, the receiving Party's treatment of such material shall be in accordance with the Fed. R. Civ. P. 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing Party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving Party to challenge the producing Party's claim of privilege if

appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

12. No information that is in the public domain or which is already known by the receiving Party through proper means or which is or becomes available to a Party from a source other than the adverse Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Discovery Material under this Discovery Confidentiality Order.

13. This Discovery Confidentiality Order shall not be deemed to restrict or deprive in any manner the use by any Party of its own documents or materials, provided that such document or materials were properly obtained in the first instance and constitute the legal property of the possessor.

14. This Discovery Confidentiality Order shall not deprive any Party of its right to object to discovery by any other Party or construed as requiring the production of privileged or otherwise protected documents or information, nor as expanding the scope of discoverable information under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Jersey, the Federal Rules of Evidence, or the New Jersey Rules of Evidence, or any applicable statutes or caselaw. This Discovery Confidentiality Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

15. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by a further Order of this Court or by the written stipulation of the Parties filed with the Court.

16. Upon final conclusion of this litigation, including the exhaustion of all appeals therefrom and related proceedings, each Party and all other individuals subject to this Discovery Confidentiality Order shall be under an obligation to assemble and return to the originating source all originals and unmarked copies of documents and things containing Confidential Discovery Material and to destroy, should such source so request, all copies of Confidential Discovery Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Discovery Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the terms of this Discovery Confidentiality Order. Notwithstanding the foregoing, counsel for the Parties shall be permitted to retain Confidential Discovery Material for professional liability purposes only for a period of seven (7) years (the "Professional Liability Period"). Upon conclusion of this Professional Liability Period, counsel shall return the Confidential Discovery Material to counsel for the disclosing Party or third party or destroy those discovery materials in accordance with this Discovery Confidentiality Order.

________________________________

Hon. James B. Clark, III, U.S.M.J.

We hereby consent to the form and entry of this Discovery Confidentiality Order:

**VEX & GAGE, LLC**
Attorneys for Plaintiff

/s/ Howard A. Vex
Howard A. Vex, Esq.
Vex & Gage, LLC
2001 Route 46, Suite 310
Parsippany, New Jersey 07054

Dated: October 9, 2015

**REED SMITH LLP**
Attorneys for Defendants Ricoh USA, Inc. and Renee Plummer

/s/John T. McDonald
John T. McDonald, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08543-7839

Dated: October 9, 2015

**LITTLER MENDELSON, PC**
Attorneys for Defendants Dun & Bradstreet, Inc., Kevin Smith, Patricia Johnson and Steven Hill

/s/ Ivan R. Novich
Ivan R. Novich, Esq.
One Newark Center, 8th Floor
Newark, New Jersey 07102

Dated: October 9, 2015

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IRCANIA BURDIER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RICOH USA, INC., DUN & BRADSTREET, INC., KEVIN SMITH, RENEE PLUMMER, PATRICIA JOHNSON, and STEVEN HILL, in their professional and personal capacity,**<br><br>**Defendants.** | **DOCUMENT ELECTRONICALLY FILED**<br><br>**CIVIL ACTION NO. 2:15-cv-2864**<br><br>**AGREEMENT TO BE BOUND BY THE DISCOVERY CONFIDENTIALITY ORDER** |

I, ________________________________, being duly sworn, state that:

1. My address is _________________________________________________.

2. My present employer is ____________________________ and the address of my present employment is _________________________________________________.

3. My present occupation or job description is ________________________.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order entered in this case, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Discovery Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Discovery Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Discovery Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party for whom I was employed or retained.

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

______________________________

Dated: _____________